UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEVEN R. PHELPS,

    Plaintiff,

v.                                        Case No. 8:24-cv-2599-WFJ-NHA

BRITTNEY S. RANDALL, *et al.*,

    Defendants.
_____/

## ORDER

Steven R. Phelps, a Florida prisoner, initiated this action by filing a civil-rights complaint under 42 U.S.C. § 1983. (Doc. 1). Mr. Phelps alleges that Brittney S. Randall and Shacoia Randall have subjected him to "unreasonable risks/dangers" by casting "spiritual spell[s]" "over his food trays from a distance." (*Id.* at 2). These spells have allegedly combined with "sexual auras" to cause Mr. Phelps "psychological harm." (*Id.*) Because Mr. Phelps did not pay the filing fee or move for leave to proceed *in forma pauperis*, the Court proceeds as if he seeks *in forma pauperis* status.

The Prison Litigation Reform Act amended 28 U.S.C. § 1915, which governs *in forma pauperis* proceedings, by curtailing the number of meritless suits that a prisoner may bring without prepayment of the filing fee:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which

relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed *in forma pauperis* and must pay the filing fee in full when he initiates the lawsuit. *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002). He "cannot simply pay the filing fee after being denied *in forma pauperis* status"; instead, he "must pay the filing fee at the time he *initiates* the suit." *Id.*

Mr. Phelps's prior actions dismissed as either frivolous, malicious, or for failure to state a claim include the following cases: (1) *Phelps v. Dixon*, No. 3:22-cv-1266-MMH-LLL (M.D. Fla.); (2) *Phelps v. Toomey*, No. 3:23-cv-673-MMH-PDB (M.D. Fla.); and (3) *Phelps v. Kimbrell*, No. 3:23-cv-301-BJD-JBT (M.D. Fla.). Thus, unless Mr. Phelps sufficiently alleges that he is under imminent danger of serious physical injury, the Court must dismiss his complaint under § 1915(g). Mr. Phelps has alleged no facts showing that he is under imminent danger of serious physical injury.

Because he has had at least three prior dismissals that qualify under § 1915(g) and he does not establish that he is under imminent danger of serious physical injury, Mr. Phelps is not entitled to proceed *in forma pauperis* in this case. Therefore, his complaint is subject to dismissal without prejudice under the three-strikes rule. *See Dupree*, 284 F.3d at 1236 ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

Even if the three-strikes rule did not apply to Mr. Phelps, this action would be dismissed as frivolous. "A claim is frivolous if it is without arguable merit either in law or fact," including where it "describ[es] fantastic or delusional scenarios." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Section 1915(e)(2) grants courts "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Here, Mr. Phelps alleges that the defendants have caused him psychological harm by casting "spiritual spell[s]" "over his food trays from a distance." (Doc. 1 at 2). This allegation is "wholly incredible" and cannot support a lawsuit in federal court. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *see also Jackson v. Ronion*, No. 2:22-cv-1111-AMM-JHE, 2024 WL 4284242, at *4 (N.D. Ala. July 26, 2024) ("[Plaintiff's] claims against the defendants based on allegations that the defendants placed a cell phone in his head, engage in devil worship, and practice 'voodoo and witchcraft' are due to be dismissed as frivolous."), *adopted by* 2024 WL 4282305 (N.D. Ala. Sept. 24, 2024).

Accordingly, Mr. Phelps's complaint (Doc. 1) is **DISMISSED without prejudice** under the three-strikes rule and, alternatively, because the underlying claim is frivolous. The **CLERK** is directed to **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, on November 12, 2024.

_____
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**